UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                              Crim. No. 10-cr-065-01-SM

Jeremy Clough

**ORDER OF DETENTION PENDING TRIAL**

     In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., a hearing was conducted on May 21, 2010, for the purpose of determining whether to detain defendant, Jeremy Clough, who was indicted on May 12, 2010 on the following charges:  one (1) count of Conspiracy to Manufacture Methamphetamine in violation of 21 U.S.C. § 846; one (1) count of Unlawful Manufacture Methamphetamine in violation of 21 U.S.C. § 841(a)(1); one (1) count of Maintaining Drug-Involved Premises in violation of 21 U.S.C. § 856 (a)(1) & (a)(2); and one (1) count of Manufacturing in or Near Schools in violation of 21 U.S.C. § 841(a)(1) & 860.

     Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community.  In circumstances

when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release.  18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' the defendant's presence at trial."  United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).  For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight.  See

Patriarca, 948 F.2d at 792-93.  Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard.  18 U.S.C. § 3142(f)(2).

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community.  Among the instances in which a presumption arises is the situation in which,

> the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq) . . . .

18 U.S.C. § 3142(e).

In the case at hand, the indictment itself constitutes probable cause to believe that the offenses charged have been committed and that the defendant has committed them.  Further, the offenses charged against defendant are ones for which a maximum term of imprisonment is ten years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.  See United States v. Dillon, 938 F.2d 1412, 1417 (1st Cir. 1991). Thus, Section 3142(e)'s rebuttable presumption that "no condition

3

or combination of conditions will reasonably assure [defendant's] appearance . . . and the safety of the community . . ." is triggered in this case.  See 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); see also United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986).

In order to counter the statutory presumption triggered, the defendant must present evidence which demonstrates that "what is true in general is not true in [his] particular case."  United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985).  Notably, the burden is one of production, not of persuasion.  Id. at 380-81.

Here, the defendant failed to rebut the presumption with regard to dangerousness to the community.  Specifically, the weight of the evidence was overwhelming and uncontroverted; in fact, the defendant made an admission to the offenses charged. The circumstances surrounding the offense also support a dangerousness finding.  The defendant employed a method of manufacturing methamphetamine that involved various chemicals that can become flammable when mixed.  Thus, by engaging in this activity, the defendant placed numerous innocent people at risk who were living in the apartment complex where the defendant

allegedly manufactured methamphetamine, including the co-defendant's children, as well as others who were attending classes at a nearby school.  In fact, a fire broke out during the defendant's arrest as a result of the flammable nature of the chemicals used in the manufacturing process and numerous students and a teacher required medical attention.  Additionally, the pretrial services report documents that despite the defendant's completion of an inpatient substance abuse program at Farnum Center in 2008, he continued to abuse a variety of substances.  Finally, he has an uncertain future residential situation and a history of untreated mental health issues.

In short, the defendant here is precisely the type of individual Congress envisioned when it established the statutory presumption.  Aside from the presumption imposed in this case by 18 U.S.C. § 3142(e), however, I am satisfied from the representations offered during the hearing that no condition or combination of conditions will reasonably assure the safety of the community.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

/s/ Daniel J. Lynch
_____
Daniel J. Lynch
United States Magistrate Judge

Date: May 26, 2010

cc: Jennifer C. Davis, AUSA
    Jessica C. Brown, FPD
    U.S. Marshal
    U.S. Probation